STATE OF VERMONT

**SUPERIOR COURT**
Washington Unit

2011 DEC -8 P 4: 05

**CIVIL DIVISION**
Docket No. 202-3-17 Wncv

**DAVID PECOR**
Plaintiff

FILED

v.

**LISA MENARD, Commissioner,**
**Vermont Dep't of Corrections**
Defendant

## DECISION
### Cross-Motions for Summary Judgment

Defendant the Vermont Department of Corrections disciplined Plaintiff–Inmate David Pecor for attempting to introduce drugs into prison through two visitors. Mr. Pecor seeks Rule 75 review of that determination, arguing that the evidence is insufficient to show that he had any foreknowledge of or involvement in any such scheme. The parties have filed cross-motions for summary judgment.

The basic narrative is undisputed. On January 21, 2017, a correction officer found a "slug" of drugs on the walkway near the prison toward the public parking lot. It was presumed that a recent visitor had dropped it accidentally. The most recent visitors were identified as two women who had come to see Mr. Pecor and were still at the facility. When they left, they walked around the walkway and parking lot obviously looking for something on the ground and in their car. Mr. Pecor later spoke with one of the visitors on the phone. The two spoke about the "key" getting lost and whether it had been found. It had not.

Based on those facts, Mr. Pecor was alleged to have attempted to introduce drugs into the facility. After a hearing, he was found guilty. The finding essentially required two factual inferences: that the two women possessed and then dropped the slug, and that the drugs were intended for Mr. Pecor and he was in on the plot.

In Vermont, due process requires the DOC to prove a disciplinary infraction by a preponderance of the evidence at the disciplinary hearing. *LaFaso v. Patrissi*, 161 Vt. 46, 51 (1993). On review, the court will uphold the DOC's determination if "there is any evidence in the record to support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985); *Lafaso*, 161 Vt. at 49 (prison determination "must be upheld if it is supported by 'some evidence' in the record" (citation omitted)). "Requiring a modicum of evidence to support a decision . . . will help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." *Hill*, 472 U.S. at 455.

Mr. Pecor effectively concedes that the evidence was sufficient to support the inference

that his visitors possessed the slug and then dropped it in the walkway. He argues, however, that there is no evidence from which one could infer that he was in on any plot to introduce the drugs into the facility. He argues that the phone conversation about the "key"—even if "key" is understood to be code for drugs—could only show awareness that the women had attempted to introduce the drugs after the fact. It could not, he argues, show that he knew anything about the attempt before the fact.

The court is not persuaded. The transcript of the phone conversation provides adequate evidence from which one could infer that Mr. Pecor was speaking in "code" about a plot to introduce drugs into the facility and how it went wrong. It was reasonable in these circumstances to infer that the visitors were bringing the drugs to Mr. Pecor and he knew it. The "some evidence" standard does not require more.

### ORDER

For the foregoing reasons, Mr. Pecor's motion for summary judgment is denied and the State's is granted.

Dated at Montpelier, Vermont this 8th day of December 2017.

Mary Miles Teachout,
Superior Judge

2

STATE OF VERMONT

SUPERIOR COURT
Washington Unit

CIVIL DIVISION
Docket No. 202-3-17 Wncv

VT SUPERIOR COURT
WASHINGTON UNIT
CIVIL

2017 DEC -8 P 4: 05

FILED

David Lee Pecor,
    Plaintiff

v.

Lisa Menard,
Shannon Marcoux,
    Defendants

JUDGMENT

This action came before the court for consideration of the parties' Cross Motions for Summary Judgment. The Court, on this day, having denied Plaintiff's Motion for Summary Judgment and granted Defendant's Motion for Summary Judgment,

It is ORDERED and ADJUDGED that Plaintiff shall take nothing on the claim.

Date at Montpelier, Vermont this 8th day of December, 2017.

_____
Hon. Mary Miles Teachout
Superior Court Judge